IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re:*<br><br>BATAA/KIERLAND LLC,<br><br>            Debtor.<br><br>JPMCC 2007–CIBC 19 EAST GREENWAY, LLC,<br><br>            Appellant,<br><br>vs.<br><br>BATAA/KIERLAND LLC,<br><br>            Appellee. | Case No.  2:13-cv-00179-PHX-JWS<br><br>MEMORANDUM DECISION<br><br><br>On Appeal From<br>U.S. Bankruptcy Court, District of Arizona<br>Hon. Randolph J. Haines, Judge<br>Bankruptcy Case No. 2:11-bk-05850-RJH<br>Adversary Case No. 2:11-ap-01993-RJH |

      JPMCC 2007–CIBC 19 East Greenway, LLC timely appeals from the bankruptcy court's Order Awarding Attorneys' Fees to Defendants in the adversary proceeding. The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(a), (b)(2), and 1334.  This court has jurisdiction under 28 U.S.C. § 158(a)(1), (c)(1)(A).

      Dean C. Waldt and Grant L. Cartwright of Ballard Spahr LLP, Phoenix, Arizona, appeared on behalf of the Appellant JPMCC 2007–CIBC 19 East Greenway, LLC .

      Richard W. Hundley, Scottsdale, Arizona, appeared on behalf the Appellee Bataa/Kierland LLC.

      John R. Clemency, Julie Rystad, and Janel M. Glynn of Gallagher & Kennedy, P.A., Phoenix, Arizona, appeared on behalf of Appellee Bankers Trust, N.A.

The court has determined that oral argument would not materially assist in the resolution of the issues before the court.  Accordingly, the request for oral argument is denied, and the matter is submitted for determination on the briefs of the parties.

## I.  BACKGROUND/ISSUES PRESENTED

Once again this court must address this case.[1]  Accordingly, the parties are familiar with the facts, and they are not repeated herein except to the extent necessary to an understanding of this decision.  Bataa/Kierland LLC (hereinafter "Debtor") filed a petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code.  After holding a hearing, the Bankruptcy Court confirmed the plan of reorganization proposed by Debtor over the objections of JPMCC 2007–CIBC 19 East Greenway, LLC (hereinafter "JPMCC").  JPMCC appealed from the confirmation order, and this court vacated the decision of the bankruptcy court and remanded for further consideration consistent with the court's decision.[2]

JPMCC had also filed an adversary action against Debtor, Bataa/Kierland II (hereinafter "Kierland II"), and Bankers Trust (collectively referred to herein as "Appellees") challenging the post-petition parking agreement between Debtor and Kierland II.  Because it was an integral part of the plan of reorganization, the bankruptcy court conflated resolution of the adversary proceeding into the confirmation hearing,

---

[1] *In re Bataa/Kierland, LLC*, Case No. 2:12-cv-01696-JWS ("*Bataa/Kierland I*"); *In re Bataa/Kierland, LLC*, Case No. 2:12-cv-01783-JWS ("*Bataa/Kierland II*"); and *In re Bataa/Kierland, LLC*, Case No. 2:13-cv-02340-JWS ("*Bataa/Kierland IV*").  Consistent with the chronological order in which the cases were filed, the court refers to this case as *"Bataa/Kierland III."*  Also pending before this court is an appeal from the subsequent confirmation of the plan of reorganization by the bankruptcy court on remand. *In re Bataa/Kierland, LLC*, Case No. 2:14-cv-00596-JWS ("*Bataa/Kierland V*").

[2] *Bataa/Kierland II*.

and approved the parking agreement.[3]  Subsequently, the bankruptcy court held a hearing on JPMCC's motion for summary judgment in the adversary proceeding, and entered judgment in favor the Appellees *sua sponte*.  Upon the motions of the Appellees, the bankruptcy court awarded attorneys' fees under Arizona law as the prevailing parties to Debtor in the amount of $44,571.50, to Kierland II in the amount of $21,763.50, and to Bankers Trust in the amount of $62,046.50: totaling $128,381.50.  It is from this order that JPMCC appeals.

On appeal JPMCC raises six issues.  These can be essentially conflated into two:  (1) Arizona law does not apply; and (2) even if it did, Appellees were not the prevailing parties.

## II.  STANDARD OF REVIEW

A District Court sitting in its bankruptcy appellate capacity reviews findings of fact for clear error and conclusions of law *de novo*.[4]  The bankruptcy court's findings of fact must be accepted "unless the court is left with the definite and firm conviction that a mistake has been committed."[5]  "Mixed questions of fact are reviewed de novo."[6]  The interpretation of a contract is governed by state (Arizona) law and is reviewed *de novo*.[7]

---

[3] In *Bataa/Kierland II* this court rejected JPMCC's argument that the bankruptcy court improperly conflated the adversary action into the confirmation hearing.

[4] *Decker v Tramiel* (*In re JTS Corp.*), 617 F.3d 1102, 1086–87 (9th Cir. 2010) (citing *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004)).

[5] *Id.* (quoting *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (internal quotation marks omitted)).

[6] *Id.* (quoting *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (internal quotation marks omitted)).

[7] *Starrag v. Maersk, Inc.*, 486 F.3d 607, 611 (9th Cir. 2007).

## III.  DISCUSSION

Initially the court notes that the issue presented by this appeal has reached the court via a somewhat unorthodox procedural path.  As noted above, the subject of the adversary action—the parking agreement—was conflated into and decided in conjunction with the confirmation hearing in the main case.  That substantive issue was also the subject of the appeal to this court, which resulted in a reversal of the confirmation order, in part based upon the erroneous approval of the parking agreement.  Normally, the award of attorney's fees, although frequently decided by the trial court after a notice of appeal has been filed, is part of the action in which the substantive issue is resolved, and an appeal from that order is resolved as part of the main appeal.  In this case, however, the issue in controversy was decided adverse to JPMCC in the confirmation order, rendering any further proceedings on the merits in the adversary proceeding moot.

The following chronology of events is relevant to the appeal *sub judice*:

<u>October 12, 2011</u> – JPMCC filed the instant adversary proceeding.

<u>May 24, 2012</u> – JPMCC moved for summary judgment in the adversary proceeding.

<u>August 2, 2012</u> – The bankruptcy court confirmed the plan of reorganization.

<u>August 16, 2012</u> – JPMCC appealed from the confirmation order.

<u>September 12, 2014</u> – JPMCC's motion for summary judgment in the adversary proceeding came before the bankruptcy court for oral argument.

<u>October 15, 2012</u> – The bankruptcy court entered its written order on JPMCC's motion for summary judgment in the adversary proceeding, granting judgment in favor of the Appellees.  The bankruptcy court order further provided that Appellees were to submit applications for attorneys' fees.

October 25, 2012 – Kierland II moved for an award of attorney's fees in the adversary action.

October 29, 2012 – Debtor moved for an award of attorney's fees in the adversary action

October 30, 2012 – Bankers Trust moved for the award of attorney's fees in the adversary action.

January 10, 2013 – Oral argument was heard by the bankruptcy court in the adversary proceeding with respect to, *inter alia*, the issue of Appellees' requests for attorneys' fees.  The bankruptcy court orally ruled in favor of Appellees from the bench.

January 24, 2013 – JPMCC filed its notice of appeal.

February 5, 2013 – The bankruptcy court entered its order awarding attorneys' fees to Appellees as "prevailing parties" that is the subject of this appeal.

February 20, 2013 – At the request of the parties, this court stayed briefing in this case pending this court's decision in *Bataa/Kierland II*.  This stay continued until April 2, 2014.

July 22, 2013 – This court entered its order and judgment in *Bataa/Kierland II* vacating the August 2, 2012, confirmation order.

     In awarding attorneys' fees the bankruptcy court correctly determined that the issues in the adversary action were decided in favor of the Appellees as part of the plan confirmation process in the main case.  It is undisputed that Appellees were the prevailing parties in the bankruptcy court.  The bankruptcy court, finding that Arizona law provided the rule of decision on the substantive issue in the adversary proceeding, awarded Appellees attorneys' fees in accordance with Arizona law.

Fortunately, this court need not address the thorny issue of whether Arizona law applied.  Even if it does apply, this court agrees with JPMCC that, because this court specifically held in *Bataa/Kierland II* that the bankruptcy court had erred in deciding the substantive issue presented in the adversary proceeding, i.e., the validity of the parking agreement, Appellees are no longer the "prevailing parties."  Unquestionably, had the substantive issue been resolved adversely to Appellees in the adversary proceeding itself, reversal on appeal would have necessarily included vacating the award of attorneys' fees as well.[8]  Appellees' argument that vacating the confirmation order and remanding for further proceedings is irrelevant to the award of attorneys' fees is specious, particularly in light of the fact that in so doing this court specifically found that approval of the parking agreement was in error.[9]

This court has considered Appellees' argument that the adversary proceeding was unnecessary and finds it also to be without merit.  While there may be some modicum of logic to that argument, it nonetheless fails.  Because, as the bankruptcy court also noted, the issue was necessarily decided in connection with confirmation of the proposed plan, the efforts expended in connection with the adversary proceeding complemented, but were not necessarily in addition to, the efforts necessary to resolve

---

[8]  *See, e.g., Johnson v. Walton*, 558 F.3d 1106, 1108 (9th Cir. 2009); *Center for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 798 (9th Cir. 2009); *United States v. 4,432 Mastercases of Cigarettes, More or Less*, 448 F.3d 1168, 1194 (9th Cir. 2006); *Metcalf v. Bocho*, 294 F.3d 1069, 1075 (9th Cir. 2002).

[9]  Appellees' argument is further undermined by the fact that they concurred in delaying briefing in this case pending this court's decision in *Bataa/Kierland II*.  If the decision in *Bataa/Kierland II* had no relevance to the determination of the outcome in this case, there was no basis upon which to continue the briefing schedule.

the question in the confirmation proceeding.[10] In any event, Appellees are not entitled to an award of fees in excess of those necessarily incurred in litigating the issue in the confirmation proceeding. The order *sub judice* clearly does not satisfy this requirement.[11] Appellees did not introduce any evidence that they actually incurred additional attorneys' fees as a result of the adversary proceeding.

### IV.  ORDER

The Bankruptcy Court Order Awarding Attorneys' Fees to Defendants is hereby **VACATED** and **REMANDED** to the Bankruptcy Court with directions to deny the motions for attorneys' fees filed by Bataa/Kierland LLC, Bataa/Kierland II, and Bankers Trust, N.A.

JPMCC 2007–CIBC 19 East Greenway, LLC is awarded its costs and attorneys' fees on appeal as against Appellees, jointly and severally.[12]

The Clerk of the Court is directed to enter judgment accordingly.[13]

Dated:  June 24, 2014

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10]  The court also notes that in the wake of the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), prudent counsel might well have believed that, because of the limitations on the power of a bankruptcy court to enter final orders against those who did not have a claim against the bankruptcy estate, an adversary action might be necessary. Although this court determined that it was not, given the uncertainty that has followed *Stern* counsel for JPMCC was reasonable in backstopping his objection to the plan with an adversary proceeding seeking the same result and joining all interested parties.

[11]  Likewise, JPMCC, even though it is now technically the prevailing party, is not entitled to recover attorney's fees for proceedings in the bankruptcy court.

[12]  Fed. R. App. P. 38.

[13]  Fed. R. Bank. P. 8016(a).